**Rolando RODRIGUEZ MALTEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74258.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 26, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tamiko O. Moore, Law Office of Tamiko O. Moore, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jeffrey M. Tapick, U.S. Department of Justice Environmental & Natural Resources, Josh Braunstein, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Rolando Rodriguez Maltez, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

viewing for substantial evidence, *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998), we deny the petition for review.

■ Substantial evidence supports the IJ's denial of asylum. *See id.* Rodriguez Maltez failed to establish that the stoning of his home and the appearance of his name on a list rose to the level of persecution, *see id.* at 967–69, or that the government was unable or unwilling to control those who harassed him, *see Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir.2005). Substantial evidence further supports the finding that Rodriguez Maltez's return trips to Nicaragua undercut his well-founded fear of persecution, *see Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir.2008), and that his fear of returning to Nicaragua stems from the dire economic situation there. Thus, his asylum claim fails.

■ Because Rodriguez Maltez failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

■ Substantial evidence supports the IJ's denial of CAT relief because Rodriguez Maltez failed to show it was more likely than not that he would be tortured if he returns to Nicaragua. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

■ Finally, Rodriguez Maltez's contention that he was denied a full and fair hearing because the BIA simply "rubber-stamped" the IJ's decision is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir.2003)

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

(streamlining does not violate an alien's due process rights).

**PETITION FOR REVIEW DENIED.**